# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**ANTHONY CAIN**                                                                 **PLAINTIFF**

**v.**                            **CIVIL ACTION NO. 5:24-CV-P11-JHM**

**DENNIS FOUST et al.**                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This civil action was initiated by Anthony Cain, formerly known as Jeffery Johnson, a pretrial detainee at the Calloway County Jail (CCJ), by filing a complaint and a motion for leave to proceed *in forma pauperis*. Title 28, United States Code, section 1915 governs proceedings *in forma pauperis* where a prisoner brings a civil action. It provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The criteria set forth in subsection (g) apply to the instant action. Plaintiff has filed at least three civil actions while incarcerated which were dismissed because they failed to state a claim upon which relief may be granted. *See Johnson v. Young et al.*, No. 3:21-cv-P411-GNS (dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants immune from such relief); *Johnson v. Murray State Univ. et al.*, No. 5:13-cv-156-TBR (dismissed as frivolous and for failure to state a claim upon which relief may be granted); and *Johnson v. Marcum et al.*, No. 5:13-cv-103-TBR (dismissed for failure to state a claim upon which relief may be granted).

Here, Plaintiff sues Commonwealth Attorney Dennis Foust, Judge Jaminson, DPA Attorney Shannon Powers, DPA Conflict Attorney Elingworth, Commonwealth Assistant Attorney Burking, Special Prosecutor Estin Burger, and "CCSD" Jody Cash. He alleges that he is being illegally detained in the state-court case against him, which arises from "writing Bible verses and spreading God's word." He continues:

> What been done to me is constitutionally offenseive and juicialy offensive. Im being crucified and tortured just as Jeasus was and the entire Christian world . . . in this fraudulent case[] for writing Bible verse and spreading Gods word with vendetta prosecution by [] Foust and Burkeen who should be disbarred and are using [] Burger as a patsy to continue to keep me in jail[.]

Plaintiff further alleges, confusingly, that Cash took the phrase "Redrum with dinner" written on the outside of an envelope that went through the Kentucky prison system . . . and manufactured" evidence by turning "redrum" backwards to spell "murder." The complaint also references many of Plaintiff's past cases in this Court filed both while a pretrial detainee at CCJ and from his prior incarceration within the state prison system.

The only exception to the limitation noted in § 1915(g) is if the prisoner is under imminent danger of serious physical injury. A plaintiff seeking to invoke the imminent danger exception must allege particular facts showing immediate or impending serious physical injury in existence at the time he commenced the action. *See Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (holding that, for a plaintiff to meet the imminent danger exception, the threat of serious physical injury "must be real and proximate.").

Plaintiff's complaint does not make allegations of imminent danger of serious physical injury. *See, e.g.*, *Ewers v. Massachusetts*, No. 23-12102-RGS, 2023 WL 8039296, at *1 (D. Mass. Nov. 17, 2023) ("Ewers's complaint, in which he claims that misconduct by the Massachusetts State Police Crime Laboratory led to him being wrongfully charged with first degree murder, did

not show that he was 'under imminent danger of serious physical injury' vis-à-vis the alleged misconduct."); *Mukes v. Tennessee*, No. 18-2555-JDT-TMP, 2018 WL 6173899, at *2 (W.D. Tenn. Nov. 26, 2018) ("[T]here is nothing about a criminal conviction, even a wrongful conviction, that creates an imminent danger of serious physical injury in and of itself."). Further, allegations of past danger, as well as wholly speculative or conclusory allegations of danger, are insufficient to satisfy the exception. *Vandiver v. Vasbinder*, 416 F. App'x 560, 585 (6th Cir. 2011); *see also Benson v. Tennessee*, No. 20-6005, 2021 WL 1977675, at *1 (6th Cir. Jan. 11, 2021).

For the foregoing reasons, Plaintiff is prohibited under § 1915(g) from proceeding *in forma pauperis*. **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed without prepayment of fees (DN 5) is **DENIED**.

Accordingly, **Plaintiff must pay the requisite $405.00 fee for filing the instant action on or before <u>March 29, 2024</u>**. The check should be made payable to **Clerk, U.S. District Court** and sent to the following address:

> Office of the Clerk
> United States District Court
> Western District of Kentucky
> Gene Snyder U.S. Courthouse
> 601 W. Broadway, Rm 106
> Louisville, KY 40202

Failure to pay the filing fee in full within the time allowed **will result in dismissal** of the action. The Court advises Plaintiff that "[t]he subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).

The **Clerk of Court is DIRECTED** to open an account for the payment of the filing fee.

Date: March 4, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Financial Section, USDC, WDKY
 Calloway County Jail, Attn: Inmate Accounts
4414.009